UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **GLIMCHER DEVELOPMENT CORP.,** | : | Case No. C-1-01-408 |
| | : | |
| Plaintiff, | : | Senior Judge Herman Weber |
| | : | |
| v. | : | |
| | : | |
| **GATOR FOREST PARTNERS, LTD.,** | : | |
| | : | |
| **Defendant.** | : | |

### REVISED AGREED PROTECTIVE ORDER

Plaintiff, Glimcher Development Corp. ("Glimcher"), and Defendant, Gator Forest Partners, Ltd., ("Gator"), through their attorneys, having stipulated and agreed to the entry of a Protective Order, and the Court finding that good cause supports entry of this Protective Order and that justice so requires it,

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the documents and other information, including the substance and content thereof, produced or otherwise disclosed by any party or non-party in discovery in this litigation, shall be subject to the terms and provisions of this Revised Agreed Protective Order as follows:

1.  This Revised Agreed Protective Order shall apply to depositions, productions of documents, answers to interrogatories, responses to requests for admissions, and all other discovery undertaken pursuant to the Federal Rules of Civil Procedure, as well as all testimony and evidence adduced at trial and any other information produced or utilized by any party or non-party in connection with this action.

2.  The term "Confidential Information" shall mean and include any type or

classification of information disclosed or produced in this action which is designated as such and which constitutes or contains trade secret or other confidential research, development or commercial information. Designation as Confidential Information may be made in any reasonable manner calculated to give notice of an intention that such type or classification of information must be treated as confidential, including all methods appropriate to the form in which the Confidential Information is made available to the parties to this action. All documents and information, including Confidential Information, obtained or disclosed in discovery in this proceeding, by or from any party or non-party, shall be used solely in connection with this proceeding and shall not be used for any other purpose except as otherwise ordered by this Court.

    3.    No type or classification of information shall be deemed Confidential Information, and the parties shall use reasonable efforts to ensure that information is not designated as such, if the content or substance thereof:

    (a)    is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the relevant public through publication or otherwise; or

    (b)    is already in possession of the receiving party(s) at the time of production; or

    (c)    is disclosed to the receiving party by a third party without breach of an obligation of confidence.

4. The parties and their counsel shall not disclose any Confidential Information to any other person(s) and/or a third party(s) except:

(a) the Court, including any Court exercising appellate jurisdiction with respect to this action, Court officials, employees, stenographers transcribing testimony or argument at a deposition hearing or other proceeding in the action or at any appeal. And jurists selected to serve on the jury or impaneled;

(b) the parties in this action, witnesses at deposition;

(c) counsel to the parties in the action and attorneys, clerical, paralegal, data processing, secretarial and other staff employed or retained by such counsel and actively involved in this litigation;

(d) persons who have had access to the Confidential Information as evidenced by the material itself, in that it is either to, from or copied to such persons. Confidential Information may also be disclosed to such persons as discovery in this litigation establishes had prior access. No copies of Confidential Information shall be given to any such persons for them to retain;

(e) any witness or prospective witness in this action, but only for purposes of testimony or preparation of testimony in this case, and subject to the restrictions set forth in this Revised Agreed Protective Order. Before the disclosure of Confidential

Information to any witness or prospective witness in this case, each such witness shall first sign a "Confidentially Declaration" in the form attached hereto as Exhibit A, which Declaration shall be retained by counsel for the disclosing party or non-party. No copies of Confidential Information shall be given to such persons for them to retain. At anytime within 45 days of the conclusion of this action or any appeal therefrom, whether by settlement, dismissal, or final judgment, or when the time for all appeals has expired, whichever is longer, any party may request of any other party in writing a copy of any or all of the "Confidentiality Declarations" pertaining to witnesses or prospective witnesses which the party to whom the request is directed has obtained pursuant to this subparagraph (4e). The party to whom the request is directed shall provide such copies to the requesting party within 30 days of the receipt of the request.

(f)     experts specifically retained by any party and/or counsel in this litigation. All such expert witnesses shall be instructed not to disclose the Confidential Information or the fact that they possess Confidential Information to any person, except as may be necessary within such person's organization to research, test, investigate or perform tasks associated solely with this action. Before the disclosure of Confidential Information to any expert specifically retained by any party and/or counsel in this litigation,

each such expert shall first sign a "Confidentiality Declaration" in the form attached hereto as Exhibit A, which Declaration shall be retained by counsel for the disclosing party or non-party. At anytime within 45 days of the conclusion of this action or any appeal therefrom, whether by settlement, dismissal, or final judgment, or when the time for all appeals has expired, whichever is longer, any party may request of any other party in writing a copy of any or all of the "Confidentiality Declarations" pertaining to the experts which the party to whom the request is directed has obtained pursuant to this subparagraph 4(f). The party to whom the request is directed shall provide such copies to the requesting party within 30 days of the receipt of the request.

(g)    Any other person as to whom the parties and the producing person agree in writing;

5.    Any person to whom a disclosure of Confidential Information is made by the parties or any non-party except the Court and others set forth in paragraph 4(a) shall be given a copy of this Revised Agreed Protective Order and must agree to be bound by its terms before the disclosure takes place. The parties agree that execution of this Revised Agreed Protective Order by counsel shall constitute their agreement to its terms. Any person(s) to whom disclosure of Confidential Information is made agrees to be subject to this Court's jurisdiction for contempt, or any other appropriate proceedings, in the event of any alleged violation of this Revised Agreed Protective Order. All person receiving Confidential Information are ENJOINED from disclosing it to any other person except in conformance with this Revised Agreed Protective Order.

6. Inadvertent production of any Confidential Information, without it being designated as such, shall not be deemed a waiver of any subsequent claim that the type or classification of information at issue is Confidential Information and subject to this Revised Agreed Protective Order. If a party or non-party inadvertently produces Confidential Information without designating is as such, it may be disclosed other than as restricted in paragraph 4 hereof until the receiving party or parties are notified of the error, after which it shall be treated as Confidential Information. If Confidential Information is disclosed to anyone other than in a manner authorized by this Revised Agreed Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party or non-party and make every effort to prevent further disclosure.

7. Nothing in this Revised Agreed Protective Order shall be deemed a waiver of the producing party or non-party's right to (a) oppose discovery on grounds other than the discovery sought constitutes or contains Confidential Information, (b) seek further or other protection than that which this Revised Agreed Protective Order proscribes with respect to Confidential Information, or (c) object on any ground to the admission in evidence, at any trial, hearing or public proceeding in this matter, of any type or classification of information produced or disclosed pursuant to this Revised Agreed Protective Order. All persons in possession of Confidential Information shall exercise reasonable and appropriate care with respect to the storage, custody or use of Confidential Information in order to ensure that the confidential nature of such type or classification of information is maintained.

8. Any pleading, motion or other paper of thing filed with the Court which discloses Confidential Information shall be filed under seal and kept under seal until the further Order of this Court; however, such information shall continue to be available to the Court and to such

persons permitted access to such information under this Revised Agreed Protective Order. Where possible and practical, only the Confidential Information contained or referenced in filings with the Court shall be filed under seal. The Clerk of this Court is directed to maintain under seal all filed things, documents and transcripts of testimony designated as Confidential Information in this litigation. A copy of all documents or things filed in this proceeding, which include or reference Confidential Information shall be delivered to the Court's chambers at the time of filing, with the designated Confidential Information include or attached.

9. Within forty-five (45) days after conclusion of this action and any appeal therefrom, whether by settlement, dismissal, or final judgment, or when time for all appeals has expired, whichever is longer, the parties and their attorneys shall return to the producing party or its counsel all Confidential Information produced pursuant to this Revised Agreed Protective Order and all summaries, reproductions, notes, extracts and excerpts therefrom, except for a single copy which counsel may retain. The parties shall further request all of their witnesses, potential witnesses and expert witnesses to return, and such persons shall be obligated to return, all Confidential Information produced or disclosed to them pursuant to this Revised Agreed Protective Order, and all notes, reproductions, summaries, extracts and excerpts prepared therefrom. Alternatively, the parties, their counsel, witnesses, potential witnesses and expert witnesses may certify to the producing party within the same period that the Confidential Information in every form produced or recorded has been destroyed.

10. Nothing in this Revised Agreed Protective Order shall be construed to direct any party, its counsel, or its experts or agents to return to the producing party those portions of any summaries, reproductions, notes, or extracts made by them from the items produced which reflect or contain the mental impressions, conclusions, opinions, or legal or professional theories

of an attorney or other representative of a party concerning the litigation.

11. In the event that a dispute arises concerning the validity of a claim that materials, including testimony at a deposition, hearing or at trial, are Confidential Information, the party challenging such designation shall advise the party or third party which designated the materials as Confidential Information, specifying in writing why such materials ought not be designated Confidential Information.  The party so designating materials as Confidential Information shall within seven (7) days of receipt of such notice either agree to withdraw the designation or state in writing the reasons for its claim of confidentiality.  The parties shall then attempt to resolve in good faith any such disputes as to the designation of Confidential Information; provided, however, if any such dispute cannot be resolved, the party challenging the designation of any material as Confidential Information may move the Court for an Order rejecting the designation.  The party challenging the designation shall make its motion within ten (10) days following written notice that good faith attempts to resolve the dispute without the need for Court intervention have been exhausted.  The party defending the designation shall have the burden to prove to the Court that the designation is appropriate.

12. In addition to the above restrictions, any party shall have the further right to designate Confidential Information relating to or comprising proprietary technical data or process information regarding current commercial products that has been maintained by the disclosing party as protected trade secret information; present or future marketing plans; board meeting notes; product profit data and projections; financial date of the parties; and technical and/or pricing information relating to contractor or other services; financial documents; and pending patent applications, as being for "Attorneys' Eyes Only."  All such items of Confidential Information so designated shall be treated as Confidential Information with the exception that the

persons described in paragraphs 4(b) and (e) shall not be permitted access to any Confidential Information designated for "Attorneys' Eyes Only." The persons described in paragraph 4(f) may have access to Confidential Information designated as being for "Attorneys Eyes Only" only if such persons are not and have not been directors, officers, employees, consultants, representatives or relatives of any of the parties hereto.

13. Nothing in this Order shall prevent any party from seeking amendments broadening or restricting the right of access to or the use of Confidential Information or otherwise modifying this Order.

14. Nothing in this Order shall be construed to diminish the obligations, which any party owes or may owe to a non-party pursuant to any other agreement, Order or applicable law.

15. All the above subject to the continuing jurisdiction of this Court.

_____
Senior United States District Judge

AGREED:

/s/ Michael R. Reed_____
David J. Young (0019251)
Michael R. Reed (0063995)
Squire, Sanders & Dempsey L.L.P.
1300 Huntington Center
41 South High Street
Columbus, Ohio 43215-6197
+1.614.365.2700
Attorneys for Plaintiff


/s/ Patrick F. Fischer_____
Patrick F. Fischer (0039671)
Jason M. Cohen (0076081)
1400 Provident Tower
One East Fourth Street

Cincinnati, Ohio 45202
Tel: (513) 579-6459
Fax: (513) 579-6457
pfischer@kmklaw.com
Attorney for Defendant
Gator Forest Partners, Ltd.

EXHIBIT A

**CONFIDENTIALITY DECLARATION**

I hereby declare that I am to receive Confidential Information, designated as "Confidential" pursuant to the terms of the Revised Agreed Protective Order entered the _____ day of _____, 2003, in the case styled <u>Glimcher Development Corp. v. Gator Forest Partners, Ltd.</u>, Case No. C-1-01-408, pending in the United States District Court for the Southern District of Ohio, Western Division.  I further declare that I have read a copy of the Revised Agreed Protective Order, that I agree to be bound by all terms set forth in the Revised Agreed Protective Order, and that I hereby submit to the jurisdiction of the aforesaid Court for the limited purpose of any proceeding to enforce the terms of the Revised Agreed Protective Order.

_____
Date Signed

_____
Declarant's Signature

_____
Printed Name

_____
Address

_____
City, State, Zip Code

1152633.1